# Long v. Cummings.

### Action for Cutting Trees Without Consent of Owner.

(Decided June 18, 1908. 47 South. 109.)

1. *Trespass; Cutting Tress; Right of Action.*—The owner of land on which the trees are cut may maintain his action therefor under section 4137, Code 1896, whether in possession of the land or not.

2. *Same; Good Faith in Defendant.*—One who cuts trees under the bona fide belief that the trees are within the boundaries of his own land is not liable to the penalty prescribed by sec. 4137, Code 1896.

3. *Boundaries; Acquiescence.*—In an action for cutting trees and for the penalty, it is competent for the defendant to show that the plaintiff recognized a surveyed boundary line between the parties, and that the trees according to said line was upon defendant's land.

4. *Witnesses; Examination; Cross; Certainty as to Scope of Question.*—Where at the time the question was asked, there was no evidence of any survey other than that of the boundary lines between the parties, it was not objectionable, as not being limited to the boundary line between parties, to ask a witness if the plaintiff did not recognize and acquiesce in a certain survey as the true line between the parties.

5. *Boundaries; Acquiescence; Acts of Predecessor in Title.*—In an action for the penalty for cutting trees, it was competent to show that plaintiff's predecessors in title recognized and acquiesced in a

C 37

certain line as the true boundary between the parties, thus leaving the trees cut on defendant's land.

6. *Evidence; Res Gestae.*—The fact that the defendant had a gun with him at the time that the trees were cut, in an action for the penalty for cutting trees, is competent as part of the res gestae of the transaction and as shedding light upon the character of the cutting.

APPEAL from Henry Circuit Court.

Heard before Hon. A. A. EVANS.

Action by J. E. Cummings against J. B. Long, for the penalty prescribed for cutting trees upon the land of another, etc. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. L. LEE and WM. C. OATES, for appellant. The legal title to the land must be in the person seeking to recover the penalty for cutting trees.—*Allison v. Little,* 93 Ala. 150; *Gravelee v. Williams,* 112 Ala. 538; *Turner Co. v. Glover,* 101 Ala. 289; *Shelby Co. v. Ridley,* 135 Ala. 513; *White et al. v. Farris,* 124 Ala. 461. If the cutting is done under the bona fide belief that the lands are the property of the one doing the cutting the penalty is not recoverable, but the injured party is put to his action in trespass.—*Glenn v. Adams,* 129 Ala. 189; *Bradford v. Boozer,* 139 Ala. 502; *Postal Tel. Co. v. Lenoir,* 107 Ala. 640, and authorities supra.

P. A. McDANIEL, for appellee. The court did not err in sustaining objection to evidence as to the boundaries. The courts take judicial knowledge of the surveys of the government.—*Money v. Turnipseed,* 50 Ala. 499; *Long v. Pace,* 42 Ala. 495. Where the judgment is supported by legal evidence it is error without injury to exclude other legal evidence.—115 Ala. 446; 117 Ala. 488; 111 Ala. 332; 109 Ala. 307.

DENSON, J.—This is an action of debt, brought under section 4137 of the Code of 1896, to recover the pen-

[Long v. Cummings.]

alty prescribed by that section for cutting down trees by any person "on land not his own, willfully and knowingly, without the consent of the owner of the land." This section is amended by an act approved October 6, 1903, but the amendment does not affect any question involved here. Under this statute, it will be observed, the right of action is given to the owner of the lands; and it is wholly immaterial whether he was in possession at the time the cutting was done or not.—*Rogers v. Brooks*, 105 Ala. 549, 17 South. 97; *Gravlee v. Williams*, 112 Ala. 539, 20 South. 952; *Higdon v. Kenemer*, 120 Ala. 193, 24 South. 439. But it is a valid defense to the action that the defendant, when he cut the trees, did so under the honest belief that the land was his own.—*Postal Telegraph Co. v. Lenoir*, 107 Ala. 640, 18 South. 266; *Glenn v. Adams*, 129 Ala. 189, 29 South. 836; *White v. Farris*, 124 Ala. 461, 27 South. 259, and cases cited in the opinions. In *White v. Farris, supra*, it is distinctly held that, the statute being strictly penal, it was not "the intention and purpose of the Legislature, in its enactment, to give such penalty as against one in the actual adverse possession of the land under color of title bona fide claiming to own the same."

The undisputed facts of this case show that the plaintiff is the owner of the N. ½ of the N. E. ¼ of section 13, township 7, range 28, in Henry county, and that the defendant is the owner of the S. ½ of the S. E. ¼ of section 12 in the same township and range; the plaintiff's land being located immediately south of the defendant's. In other words their lands are separated by the section line which runs east and west between sections 12 and 13. Each of them claimed to own up to the section line; but there is a dispute as to the exact location of that line. Two surveys were made to ascertain and locate the line; one having been run by County Surveyor Craven

35 years before the trial, and the other by County Surveyor Roberts 15 years before the trial. The two surveys vary, leaving a space 50 yards in width between the lines run; and it was on the space between the surveyors' lines that the trees were cut. The proof without conflict shows that the Craven survey is south of the Roberts survey, and the contention of the plaintiff is that the Craven line is on his land and south of the true line; while the defendant's contention is that said Craven's survey marked the true section line.

It is impossible to read the evidence set out in the record without reaching the conclusion that the real controversy between the parties is the location of the boundary line. If the Craven survey marks the true line, the trees were cut on the N. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 13; whereas, if the Roberts survey is the correct one, then such cutting was on the S. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 12. And so the litigation is resolved into a contest between the parties as to their respective titles. But, if this is not true—if the testimony is not without conflict to the effect that the defendant, at the time the trees were cut, acted under the bona fide belief that they were on his own land, it very strongly tends to show that state of the case. In this view, it was competent to show that the plaintiff accepted and recognized the Craven survey as the true line between his land and the land of the defendant. It is no valid objection to the question propounded to plaintiff (calling for such testimony) that it was not limited to the boundary line between sections 12 and 13. There was no evidence, at the time the question was asked, that any survey had been made, except that between sections 12 and 13; and the question was necessarily limited to that survey. It was also competetnt for the defendant to show that plaintiff's predecessors in title recognized and accepted

the Craven survey as the true line; and, the court erred in sustaining the objection to the question propounded by defendant, on cross-examination, to witness Tom Gamble, calling for such evidence.—*Payne v. Crawford,* 102 Ala. 387, 14 South. 854; *Eagle & Phoenix v. Gibson,* 62 Ala. 369.

The survey of the line between plaintiff's land and lands of the defendant lying in section 18, east of plaintiff's, was not pertinent at the time plaintiff was asked if he did not accept the Craven survey as the true line between those subdivisions. Moreover, the question assumed that such survey had been made, when in truth no proof of the fact had been offered.

That Dr. Long had a gun with him, at the time the trees were cut, was a part of the res gestae, and competent as evidence; and the court committed no error in admitting this fact.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and McCLELLAN, JJ., concur.