# Long *v.* Cummings.

*Penalty for Cutting Trees.*

(Decided Feb. 10, 1910.   51 South. 743.)

*Trespass; Cutting Trees; Penalty.*—One who cuts timber openly under a claim that the trees are on his land, is not liable to the penalty prescribed by section 6035, Code 1907, notwithstanding the adjacent owner claims ownership in the land, and there is a dispute as to the boundary line.

APPEAL from Henry Circuit Court.

Heard before Hon. A. A. EVANS.

J. E. Cummings sues J. B. Long to recover the penalty for cutting trees as prescribed by the statute. Judgment for plaintiff and defendant appeals. Reversed and remanded.

W. L. LEE, and OATES & OATES, for appellant.—Counsel takes position that under proof in this case defendant was not liable to the penalty prescribed by section 6035, Code 1907, and that hence, defendant was entitled to have a verdict directed for him.—*Long v. Cummings,* 156 Ala. 577, and cases there cited.

P. A. McDANIEL, for appellee.—The evidence was in support of the complaint, and sufficient to require a submission to the jury, and hence, the defendant is not entitled to the affirmative charge.—*Ins. Co. v. Gray,* 123 Ala. 482; *C. & S. R. R. Co. v. Daniel,* 122 Ala 362. The act and conduct of appellant was a part of the res gestæ and properly allowed to go to the jury.—*Long v. Cummings,* 156 Ala. 577.

SIMPSON, J.—This is a suit by the appellee against the appellant, under section 6035 of the Code of 1907,

[Long v. Cummings.]

for cutting trees on the land of plaintiff willfully and knowingly, without the consent of the owner. The evidence shows without conflict that the defendant's land adjoined that of the plaintiff, and that the land on which the trees were cut is a strip which is in dispute between them; the plaintiff claiming that a survey made by one Roberts, which placed the line between them so as to throw the strip in question on his land, is correct, while the defendant claims that a survey made by one Craven, which placed the line so as to throw said strip on his land, is correct. It is shown that the defendant has continuously cultivated that portion of the strip which is cleared, and has been and is claiming the strip as his land.

The timber was cut openly, under claim of right. There is no evidence tending to show that the defendant cut the trees, knowing that the land belonged to plaintiff. The evidence does not show conclusively that the strip of land does belong to the plaintiff. In fact, as said by this court when this case was before it at a previous term: "It is impossible to read the evidence set out in the record without reaching the conclusion that the real controversy between the parties is the location of the boundary line."—*Long v. Cummings*, 156 Ala. 577, 580, 47 South. 109, 110. The plaintiff failed to prove such a cutting as would authorize a recovery of the penalty provided by said section of the Code, under our decisions thereunder.—*Long v. Cummings, supra*, and cases cited. Such being the facts of the case, the court erred in refusing to give the general charge requested in writing by the defendant.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.