[Long v. Cummings.]

# Long *v.* Cummings.

### *Penalty for Cutting Trees.*

Decided April 23, 1913.   Rehearing denied June 5, 1914.
62 South. 517.)

*Appeal and Error; Verdict; Conclusiveness.*—Where four juries in four separate trials heard practically the same witnesses, and each jury returned a verdict for plaintiff, and the fourth verdict was sustained by some of the evidence, if believed, and was approved by the trial court on motion for new trial, this court will not disturb the verdict on appeal, on the theory that the witnesses for plaintiff perjured themselves in order to enable plaintiff to avoid the decisions of the Supreme Court, on the appeals from judgments rendered, in the prior trials, the cause having been properly submitted to the jury under proper instructions on the issues framed.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Action by J. E. Cummings against J. B. Long for the statutory penalty for cutting trees. Judgment for plaintiff and defendant appeals. Affirmed.

See 156 Ala. 577; 47 South 109; 165 Ala. 342; 51 South. 743.

W. L. LEE, and H. L. MARTIN, for appellant. This cause should be reversed on the authority of *Long v. Cummings,* 156 Ala. 577; s. c. 165 Ala. 342. It is necessary to maintain a suit of this kind for plaintiff to show legal title to the trees and that defendant cut them or carried them away knowingly or willfully.—135 Ala. 515.

P. A. McDANIEL, and ESPY & FARMER, for appellee. The person once shown to have been in possession of the land will be presumed to continue in possession until the contrary appears, and this is sufficient evidence to authorize a finding that the legal title is in such per-

son.—*Wilson v. Glenn,* 68 Ala. 383; *Higdon v. Kennemar,* 112 Ala. 351. This case has been here before on appeal, and the court will presume that the matter was properly tried, unless some error is pointed out, and will not disturb the verdict on the theory that the witnesses perjured themselves in order to avoid former decisions of the Supreme Court.

DE GRAFFENRIED, J.—This is the third appeal in this case. On the first appeal this court said: "It is impossible to read the evidence set out in the record without reaching the conclusion that the real controversy between the parties is ·the location of the boundary line. If the Craven survey marks the true line, the trees were cut on the N. ½ of the N. E. ¼ of section 13; if the Roberts survey is the correct one then such cutting was on the S. ½ of the S. E. ¼ of section 12. And so the litigation is resolved into a contest between the parties as to their respective titles." *Long v. Cummings,* 156 Ala. 577, 47 South. 109. On the second appeal this court said: "The timber was cut openly, under claim of right. There is no evidence tending to show that the defendant cut the trees, knowing that the land belonged to the plaintiff. * * * In fact, as said by this court when this case was before it at a previous term: 'It is impossible to read the evidence set out in the record without reaching the conclusion that the real controversy between the parties is the location of the boundary line.'—*Long v. Cummings,* 156 Ala. 577, 580, 47 South. 109, 110. The plaintiff failed to prove such a cutting as would authorize a recovery of the penalty provided by said section of the Code, under our decisions thereunder."—*Long v. Cummings,* 165 Ala. 342, 51 South. 743.

1. Since the rendition of the opinion on the last appeal in this case there have been two other trials of

this case, both resulting in verdicts for the plaintiff. The trial judge set the first verdict aside, but overruled the defendant's motion to set aside the last verdict and rendered a judgment on that verdict in favor of the plaintiff; and this appeal is prosecuted to reverse that judgment.

In his brief the appellant says: "In reading the record in the two appeals, and in reading the evidence on the motion for a new trial in this present case, wherein the evidence in the trial which was had at the Spring term, 1911, was offered in support of the motion for a new trial in the present case, and in reading the evidence in this case, we find that there was a gradual process of swearing upon the part of plaintiff's witnesses to swear enough to avoid the affirmative charge. I am sure the Supreme Court will find in reading the testimony of the witnesses that they have gradually made their testimony in each succeeding trial stronger and added to that testimony in order to avoid the affirmative charge, which the Supreme Court said should have been given in the appeals already taken."

Whether the witnesses for the plaintiff, on the last two trials of this case, perjured themselves in order that the plaintiff might be able to avoid the above decisions of this court we do not know. Whether, as his case progressed in its various stages, facts within the actual knowledge of the plaintiff's witnesses not previously thought to be necessary to the plaintiff's right of recovery were finally brought out on the last trial, we do not know. Perjury is a serious crime and saps the very foundations of justice. Jurors and trial judges are better able to tell when a witness is testifying to the truth than is this court. Here we get the evidence from the bill of exceptions, while the jurors get it as it falls hot from the lips of witnesses who are testifying

under the sanction of an oath. It may be, as the evidence on the two former appeals appeared to disclose, that this entire controversy grew out of a dispute about the true line between the lands of the plaintiff and the defendant, but there was evidence on the last trial from which the jury had a right to infer that the defendant had, before the trees were cut, abandoned all claim to the land upon which the trees stood, if he, in fact, had ever made any claim to the land; that the plaintiff was the true owner of the land; that he had assumed peaceable possession of it, had placed a wire fence around it; and that the defendant, without a bona fide claim of right, had broken down the fence and cut and removed the trees. If this was true, then the jury had a right to return a verdict in favor of the plaintiff.—*White, McLane & Morris v. Farris,* 124 Ala. 461, 27 South. 259.

As we understand this case, in the four trials which have been had at the hands of four different petit juries, practically the same witnesses for the plaintiff have appeared. These witnesses the juries evidently believed, for, as already said, there was, on each trial, a verdict for the plaintiff. Under our system of jurisprudence the jury is the forum which must determine disputed issues of fact. The trial judge, in his charge to the jury, correctly stated the law of the case to the jury. We are not disposed to disturb the ruling of the trial court in refusing to set aside the verdict of the jury.

2. There are certain matters which are called to our attention in the brief of counsel for appellant which we have not referred to. They are founded upon objections taken to certain rulings of the court on the evidence and are without merit.

The judgment of the court below is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.