# Hicks *v.* Burgess.

*Ejectment.*

(Decided January 22, 1914.   64 South. 290.)

1. *Ejectment; Right to Maintain.*—Where the plaintiff does not show title by deed or adverse possession, and has never been in possession, he can recover only by showing prior possession in some one of his grantors.

2. *Same; Burden of Proof.*—Where plaintiff relied upon prior possession of his grantors, he has the burden of proving such prior possession.

3. *Same; Evidence; Sufficiency.*—The evidence examined and held not sufficient to show that the grantors of plaintiff had ever had possession.

4. *Same; Possession; Constructive.*—Color of title which depended upon a conveyance of persons who had no actual title, and no possession, will not draw to the grantee therein constructive possession.

5. *Descent and Distribution; What Passes.*—Where the ancestor was not in possession of the land at the time of his death, and had no title, although he had once exercised possession over the land. nothing could pass by descent from him to his children; for the children to have had any interest in the land which could be conveyed, they must have had possession by themselves or through their guardian up to the time of the conveyance, or if possession was discontinued, there must have been an animus revertendi.

6. *Evidence; Opinion.*—Where a witness states an opinion or conclusion which is irreconcilably opposed to· the stated facts upon which it is founded, such opinion or conclusion is of no weight. and does not raise a conflict with the stated fact.

7. *Same.*—Where a plaintiff' relied upon previous possession of his grantors, the statement of a witness that one of the grantors controlled possession of the land, was a mere conclusion and not admissible.

8. *Champerty and Maintenance; Conveyances.*—Maintenance does not apply to judicial sales, and hence, a guardian's deed which consummated a judicial sale of land was not rendered inadmissible because the land was held adversely to the ward.

APPEAL from Cleburne Circuit Court.

Heard before Hon. E.·J. GARRISON.

Ejectment by J. A. Burgess against Madison Hicks. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The land in dispute was a small portion of the S. E. ¼ of the S. E. ¼, section 21, township 16, range 10, Cleburne county, which was cut off from the rest of the 40 by the Tallapoosa river. Neither party showed any connection with the actual title and the sole issue was the sufficiency of the alleged prior possession of plaintiff's grantors to entitle him to recover. Plaintiff claimed under a deed to him from Mrs. M. R. Ross, as guardian of T. H. and L. M. Ross, who were her minor children; the deed being duly authorized by judicial decree. The father of these children, and the husband of Mrs. Ross, was Gus Ross, deceased, and he was the son of Fred Ross, also deceased. The possession relied on by plaintiff is substantially shown by his witnesses as follows:

Fred Ross was in possession of the fish trap fraction and cultivated part of it. He did not cultivate the part in suit, and it was never cultivated or cleared up in his lifetime, but it was his land, and he was in possession of it. (Testimony of Mrs. Amanda Rusk.) The witness was allowed to state, against defendant's seasonable objection that it was her opinion or conclusion, that Fred Ross controlled possession of all of the fish trap 40, which included the strip in suit. The witness further testified that she never saw him on the land.

Mrs. M. R. Ross testified that she was not acquainted with any of the land involved in the suit, or those conveyed to plaintiff by her deed as guardian; that she was never on this land, had never seen the tract, and knew nothing about it; that she could not say that she was ever in possession of this particular land involved in this suit, but that she was in possession about 18 years after Mr. Ross' death (that is, she had control of it, and had possession of the land called for in the deed); that she rented it out, the land she claimed and owned, did not go to see about it.

The evidence shows without dispute that James Hicks, father of defendant, had had actual possession of the strip under claim of ownership from 1901, until he died, and since which time defendant has possessed and claimed it. It does not appear when Fred Ross and Gus Ross died. The assignments of error are based upon the rulings on the evidence, and the giving and refusing of charges which sufficiently appear from the opinion.

. MERRILL & VANN, for appellant. The court erred in permitting it to be shown that a certain person controlled possession of land, as that was a statement of a mere conclusion. The deed was void because made while the land was held adversely.—*Mahan v. Smith,* 151 Ala. 482. The section of the present Code does not apply.—*Grant v. Nation,* 172 Ala. 83. Counsel discuss other matters, but without further citation of authority.

BLACKWELL & AGEE, for appellee. A witness may testify who controls possession of land.—*Turnley v. Hanna,* 82 Ala. 139; *Woodstock I. Co. v. Roberts,* 87 Ala. 436. Counsel discuss the other matters assigned as error, but without further citation of authority.

SOMERVILLE, J.—The plaintiff, not showing title either by deed or by adverse possession, and never having had possession himself, could recover only by showing prior possession in some one of his grantors.

Conceding that Fred Ross had some sort of possession before and at the time of his death, presumably prior to 1870, it does not appear that his son Gus Ross ever had possession of or did any act of ownership with respect to the disputed strip. The abandonment seems

to have been complete. Not having either title or possession at the time of his death, nothing could pass by descent from him to his children.

Plaintiff's connection with a prior possession depends, therefore, upon proof that the minor children of Gus Ross, whose estate he acquired by guardian's deed, were in possession of the strip either in person or by their guardian; and that their possession continued until it was superseded by the entry and possession of James Hicks in 1901; or else, if discontinued before that event, that there was an animus revertendi.—*McCreary v. Jackson Lumber Co.,* 148 Ala. 247, 41 South. 822; *Fletcher v. Riley,* 148 Ala. 236, 42 South. 548; Id., 169 Ala. 433, 53 South. 816. The burden of affirmatively proving these issues was upon plaintiff, and he has clearly failed to do so.

It is true that the guardian, Mrs. M. R. Ross, who was the widow of Gus Ross, stated that she was in possession of the land described in the deed about 18 years after Mr. Ross' death. But it does not appear that this was in the capacity of guardian, nor, indeed, that she was guardian at that time. But, waiving this infirmity, her whole testimony shows that she never had any sort of possession of the particular land in dispute. She stated positively that she never saw it, never was on it, and knew nothing about it. It is clear that her later statement that she was in possession ("that is, had control of it") was but her opinion or conclusion based solely upon the fact that she had rented the land generally, without any knowledge as to its occupation by any tenant of hers.

Where a witness states an opinion or conclusion which is irreconcilably opposed to the stated facts upon which it is founded, the opinion or conclusion is a testimonial nonentity and raises no conflict with the stated facts.

So Mrs. Ross' testimony did not authorize the submission to the jury of the question of her actual possession of the land in a legal sense, for rational minds cannot fairly differ as to the meaning and effect of what she said upon that subject. This conclusion is not opposed to the first headnote in *McCreary v. Jackson Lumber Co.,* 148 Ala. 247, 41 South. 822, for there was no exclusion of other acts as here.

It is to be observed that none of the Rosses had any color of title to the 40 or to any part of it; hence the requirement of actual possession of the disputed strip. And of course plaintiff's color of title did not give him constructive possession.—*Fletcher v. Riley,* 169 Ala. 433, 53 South. 816.

For the reasons stated, we hold that the trial court erred in refusing to give for defendant the general affirmative charge as requested.

We think the court was also in error in allowing plaintiff to ask his witness, Mrs. Rusk, whether Fred Ross "controlled possession" of all of the fish trap 40. It is well settled that a witness may state that a party had possession of land (*Cooper v. Slaughter,* 175 Ala. 211, 57 South. 477, and cases cited) ; and it has been held also that a witness may state that a party has controlled land (*Turnley v. Hanna,* 82 Ala. 139, 2 South. 483; *Woodstock Iron Co. v. Roberts,* 87 Ala. 441, 6 South. 349; *Nelson v. Shelby, etc., Co.,* 96 Ala. 515, 531, 11 South. 695, 38 Am. St. Rep. 116).

"Control" is a word of very indefinite meaning. In popular parlance it is not, in its present application, necessarily confined to acts of possession, as witness the comments of Coleman, J., in *Nelson v. Shelby, etc., Co.,* 96 Ala. 530, 531, 11 South. 695, 38 Am. St. Rep. 116. However, in so far as it may import acts of possession, it refers to that which is open to the witness' observa-

tion, and which may therefore be stated by him as a fact a shorthand statement of several facts, all of which he might have observed. But to say that a party controlled, not the land, but the possession of the land, is upon its face a mere opinion or conclusion, the introduction of which can serve no useful purpose, and which should best be excluded. We do not hold that its admission was in this case reversible error, especially in view of the fact that a simple cross-examination might have exposed its worthlessness as evidence.

The guardian's deed placed in evidence by plaintiff was not inadmissible merely by reason of defendant's actual adverse possession of the land at the time of its execution. The deed was the consummation of a judicial sale; i. e., a sale made under the order and decree of an authorized court, to which the law of maintenance never did apply.—*Humes v. Bernstein,* 72 Ala. 546, 556; *Sibley v. Alba,* 95 Ala. 191, 10 South. 831; 6 Cyc. 874e.

The judgment will be reversed, and the cause remanded for another trial in accordance with the foregoing principles.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.