# Stockburger Brothers, *et al. v.* Aderholt.

### Penalty for Cutting Trees.

#### (Decided November 4, 1915. 70 South. 157.)

1. **Trespass; Cutting Trees; Who May Sue.**—Only the owner of a freehold may maintain an action for the penalty for cutting trees provided by § 6035, Code 1907, and ownership must be alleged and proved.

2. **Same; Evidence.**—The evidence in this case examined and held insufficient to show a freehold title in plaintiff, he having failed to introduce any deed or muniment of title.

3. **Same; Claim of Right; Effect.**—Where the timber was cut under a bona fide claim of right, the penalty provided by § 6035, Code 1907, is not recoverable.

4. **Same.**—Where the evidence is not sufficient to support an action for the penalty provided by § 6035, Code 1907, it would also be insufficient to support a count in trespass quare clausum fregit.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by D. A. Aderholt against Stockburger Bros. and the members composing the firm for trespass to realty and the statutory penalty for cutting trees. Judgment for plaintiff, and defendants appeal. Transferred from the Court of Appeals under section 6, p. 449, Acts of 1911. Reversed and remanded.

Count 1 was for money had and received. Count 2 was for trespass upon the lands therein described. Count 3 is as follows: Plaintiff claims of defendant the statutory penalty of * * * for cutting, deadening, and carrying away 142 pine trees, or other trees or saplings of the kind, willfully, knowingly, and without consent of plaintiff on the following described lands, to wit, * * * the lands of plaintiff, during the years 1912-13.

M. M. & VICTOR SMITH, for appellant. J. A. EMBRY, and FRANK B. EMBRY, for appellee.

GARDNER, J.—Count 3 of the complaint seeks recovery of the statutory penalty for cutting trees, under section 6035 of the Code of 1907. Count 1 was eliminated by charge of the

court; and count 2 sought recovery for trespass to the lands, and for the cutting of the timber.

(1) The decisions of this court are uniform to the effect that the above-mentioned section, relating to the recovery of the statutory penalty, being penal in its character and nature, should receive a strict construction; and it has therefore been held that the remedy is given exclusively to the owner of the freehold, and that the title to or ownership in the land must be averred and proven before any recovery can be had.

"This statute has been several times passed upon and construed by this court, and being penal in its nature and character has received a strict construction. The right created by the statute is limited and confined to the owner of the land—to him who owns the legal title. As said in the case of *L. & N. R. R. Co. v. Hill,* 115 Ala. 345 [22 South. 163]: 'The statute is intended for the protection of the freehold from spoliation or destruction; from that which at common law would be deemed waste. The remedy is given exclusively to the owner of the freehold and he may pursue it, though he have not the possession'—citing *Allison v. Little,* 93 Ala. 150 [9 South. 388]; *Turner Coal Co. v. Glover,* 101 Ala. 289 [13 South. 478]; *Clifton Iron Co. v. Jemison Lbr. Co.,* 108 Ala. 581 [18 South. 554]; *Gravlee v. Williams,* 112 Ala. 539 [20 South. 952]. Ownership of the land from which the trees are cut is made by the statute an essential element of the right of recovery of the penalty given. The title or ownership of the land must be averred in the complaint, and if denied or put in issue by the plea of the defendant it must be proven before any recovery can be had. The right to the penalty necessarily depends upon the title or ownership of the land, and it follows that the plaintiff's title to the land may become an issuable fact."—*White v. Farris,* 124 Ala. 461, 27 South. 259. "To successfully maintain the suit it was incumbent upon the plaintiff to show a legal title to the trees or saplings and that defendant cut or carried them away knowingly, willfully and without his consent."—*Shelby Iron Co. v. Ridley,* 135 Ala. 515, 33 South. 331.

See, *also, Gravlee v. Williams,* 112 Ala. 539, 20 South. 952; *Long v. Cummings,* 156 Ala. 577, 47 South. 109.

(2) In the instant case the plaintiff introduced no deed or muniment of title to the land or the trees in controversy, nor

was there evidence of such actual possession thereof as to make out a prima facie case as to title under authority of *Dodge v. Irvington Land Co.*, 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100. The mere general expression of the plaintiff in his testimony as to "possession of the timber" is in conflict with the facts stated by him, and is what was termed in *Hicks v. Burgess*, 185 Ala. 584, 64 South. 290, "a testimonial nonentity." It appears that the trial judge was of the impression that plaintiff had offered some muniment of title in evidence, but the record before us does not so disclose. The bill of exceptions somewhat meagerly sets forth the facts, although it purports to contain all the evidence in the case, and it is difficult to gather from the record the exact lands claimed to be owned by the respective parties. It is quite clear, however, that the controversy arises over a boundary line dispute. No deeds were offered in evidence by either party, but from references to claims of ownership, and from a consideration of the entire record, we gather that the dispute relates to the boundary line between the N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ and the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 12, and that the timber cut was claimed to be in the N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, which seems to be the 40 claimed by the plaintiff. It appears also that there had been three lines established, by separate surveys, between these two 40's, and that the defendants' claiming, as we presume, the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of said section, claim to own by the line known as the "Crandall" line, and claim to have been put in possession by their vendor, up to that line. It also appears that the line run by one Wyatt, for the plaintiff was considerably south of the Crandall line, and that the defendants had one Smith to run the line, which he placed between the Wyatt line and the Crandall line.

A discussion of the evidence we deem unnecessary, for the reason that the case must be reversed because of the court's refusal to give the affirmative charge as to count 3 on the ground, above indicated, that the plaintiff had failed to prove his title to or ownership of the land or timber. We have directed attention to this latter phase of the case merely in view of another trial, if one is had, upon count 3.

(3) If the plaintiff has proven title or ownership, he still would not have been entitled to recover under count 3 of the

complaint, if the evidence had convinced the jury that the defendants cut the timber under a bona fide claim of right, based on the true location of the boundary line.—*Long v. Cummings, supra;* s. c. 165 Ala. 342, 51 South. 743; *Postal Tel. Co. v. Lenoir,* 107 Ala. 640, 18 South. 266.

The verdict of the jury would appear to be based upon count 3 of the complaint. The judgment was for $450.

The line run by Surveyor Smith, for the defendants, went south of the Crandall line; and the defendants testified to the cutting of 45 trees north of the Smith line. We conclude from this record that the jury gave the statutory penalty for these trees admitted to have been cut north of the Smith line. Certainly there are clear indications in the record to that effect. In addition to that, there is found in the evidence hardly sufficient data to furnish a basis for the exact judgment recovered, if the recovery be referred to count 2.

(4) However, in discussing count 3, what has been said in regard to the insufficiency of the proof as to ownership of the land or timber would seem also to have concluded against a recovery under the second count; but in view of the conclusion we have reached as to count 3 and the verdict rendered thereon, we deem it unnecessary to enter into a discussion of the principles of law affecting a recovery under count 2, further than to note that many authorities bearing upon the action of quare clausum fregit are referred to in *So. Ry. Co. v. Hayes,* 183 Ala. 465, 62 South. 874.

The judgment of the court below is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.