(76 South. 480)

McLEAN v. STATE. (4 Div. 509.)

(Court of Appeals of Alabama. June 30, 1917.)

1. VAGRANCY ⊜3—BURDEN ON DEFENDANT —STATUTES.

In a prosecution for vagrancy, before any burden can be placed on defendant, it must be shown by the evidence, beyond a reasonable doubt, that he has been guilty of wandering or strolling about in idleness, or that he was living in idleness and able to work, or that he was leading an idle, immoral, or profligate life, and that he is able to work, or that he, being able to work, loafed, loitered, or idled in the places named in Code 1907, § 7843, subd. 3, defining "vagrancy."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vagrancy.]

2. VAGRANCY ⊜3—BURDEN OF PROOF—SUFFICIENCY OF EVIDENCE—STATUTE.

In a prosecution for vagrancy, evidence held insufficient to sustain the state's burden of proof, under Code 1907, § 7845, in such prosecutions.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Dan McLean was convicted of vagrancy, and he appeals. Reversed and remanded.

The defendant was tried on a charge of vagrancy, was convicted, and from the judgment of conviction he appeals.

On the trial of the cause, the state proved by Horace Daugherty that he was well acquainted with defendant, had seen him 2 or 3 times a week previous to the return of the indictment, and, if he had any occupation, witness did not know it; that he did not know anything about his (defendant's) property; that, so far as witness knew, defendant is physically able to perform labor.

Butler, another witness for the state, testified that he had known defendant about 15 years; that from September of this year to September of last year he had seen defendant every day, and sometimes 2 or 3 times a day; that he did not know whether defendant had any occupation or not, and did not know whether he had any property or not; that defendant looked like he was able to work.

John A. May, another witness for the state, testified that he knew the defendant, and had known him for about 15 years; that from September 2, 1915, to September 2, 1916, he would sometimes see the defendant 15 or 20 times a week, and then maybe he would not see him for probably 2 weeks or more; that the defendant had no property that he knew of; that he had never seen defendant work, and did not know whether defendant has done anything at all to earn a livelihood, and does not know whether he has any property sufficient for his support.

The state also examined A. W. Hart and W. W. Pitts, who both testified that they had seen Dan McLean frequently during the time covered by the indictment; that they had never seen him doing any work.

Lee & Tompkins, of Dothan, for appellant. W. L. Martin, Atty. Gen., for the State.

SAMFORD, J. [1] Before any burden can be placed upon the defendant in this case, it must be shown by the evidence, beyond a reasonable doubt, that he has been guilty of wandering or strolling about in idleness, or living in idleness, and is able to work, or that he was leading an idle, immoral, or profligate life, and is able to work, or that he, being able to work, loafed, loitered, or idled in the places named in subdivision 3 of section 7843 of the Code.

[2] We have examined the evidence in this case, and are of the opinion that the state has not discharged itself of the burden placed upon it under section 7845 of the Code. Brown v. State, 4 Ala. App. 122, 58 South. 794. It follows, therefore, that the general charge should have been given, as requested by the defendant. The failure to do this is reversible error.

For this error, the judgment of the trial court is reversed, and the cause is remanded. Reversed and remanded.