(122 So. 183)

## HOYLE v. STATE. (3 Div. 618.)

Court of Appeals of Alabama. Jan. 15, 1929.

Rehearing Granted March 26, 1929.

Rehearing Denied April 30, 1929.

Hill, Hill, Whiting, Thomas & Rives, E. T. Graham, and C. H. Roquemore, all of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant was indicted, charged with being a vagrant as defined by section 5571 of the Code of 1923. In this section there are 13 definitions of vagrancy, subjecting persons violating them to the penalty named. In the instant case we are only concerned with 5, to wit, 1, 2, 3, 4, and 13, and as to 1, 2, 3, and 13 we can dis-

pose of them by saying that, while section 5573 of the Code of 1923 shifts the burden of proof from the state to the defendant, this burden does not shift until and unless the state has proven, by evidence beyond a reasonable doubt, that the defendant is an "able-bodied person and able to work." This the state has failed to do in this case, and therefore 1, 2, 3, and 13 may be eliminated from further consideration. Wallace v. State, 16 Ala. App. 85, 75 So. 633; McLean v. State, 16 Ala. App. 196, 76 So. 480.

This leaves us subdivision 4, which provides: "Any person * * * who unlawfully sells or barters any spirituous, vinous, or malt or other intoxicating liquors." As to this subdivision 4, the testimony by at least two witnesses tends to prove that "the defendant was engaged in the liquor business in the city of Montgomery within the last 12 months." The witness also testified that defendant was engaged in the "whisky business," etc. This testimony was admitted without objection or motion to exclude, and became evidence, the probative force of which was for the jury.

But, on cross-examination, the witnesses who had testified to the foregoing fact gave testimony which showed conclusively that such statements, that "the defendant was engaged in the whisky business in the city of Montgomery within the last 12 months," and that "he was a bootlegger," were purely hearsay and conclusions of the witnesses. This rendered the evidence upon which the conviction was founded "a testimonial nonentity," and raises no conflict with the other facts in the case, which entitled the defendant to the general charge. For rulings of the court on this question, all of which were erroneous, the judgment must be reversed and the cause remanded. Hicks v. Burgess, 185 Ala. 584, 64 So. 290; Stockburger v. Aderholt, 195 Ala. 56, 70 So. 157.

Judgment reversed and cause remanded.

Reversed and remanded.

### On Rehearing.

Former opinion withdrawn. Opinion substituted. Rehearing granted. Reversed and remanded.