(123 So. 99)

## SCOTT v. STATE. (7 Div. 507.)

Court of Appeals of Alabama.    June 18, 1929.

Riddle & Riddle, of Talladega, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.   The defendant was charged by information and convicted of violating subdivision 8, section 5571, of the Code of 1923; i. e., that he was an able-bodied person and abandoned his wife and child without just cause, leaving them without sufficient means of subsistence, or in danger of becoming a public charge.  There was much evi-

212

dence pro and con as to whether the defendant furnished means of support for his wife and child, which warranted the court in submitting that part of the inquiry to the jury; but the burden is also upon the state, in this class of cases, to prove beyond a reasonable doubt that the defendant is an able-bodied person. This burden the state failed to carry. There was no evidence on this subject, and therefore the defendant was entitled to the general charge. Hoyle v. State (3 Div. 618), ante, p. 130, 122 So. 183; Hicks v. Burgess, 185 Ala. 584, 64 So. 290.

As this cause must be remanded for further consideration, we deem it not amiss to say that subdivision 8, § 5571, is a very old statute, designed to protect the public from indigent wives and children, who had been deserted by husbands and fathers able to support them, but is an indirect way of accomplishing a desired result. Recognizing this, the Legislature has taken a long step in the direct solution of such cases in the enactment of section 4480 of the Code of 1923. This section has all of the force of the vagrancy statute, without the indirection incident thereto.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.