227 So.2d 128

**James W. WILEY**

v.

**John H. WILSON.**

**3 Div. 430.**

Supreme Court of Alabama.

Sept. 25, 1969.

J. B. Nix, Jr., Evergreen, for appellee.

BLOODWORTH, Justice.

Appeal by defendant Wiley from a judgment in favor of plaintiff Wilson for one hundred dollars, statutory penalty for cutting trees on lands of plaintiff. Title 47, § 272, Code of Alabama 1940, as last amended.

Defendant contends that there are two issues presented on this appeal: First, did plaintiff own the land and trees he sued

Edwin C. Page, Jr., Evergreen, for appellant.

defendant for cutting; secondly, did defendant willfully and intentionally cut the trees knowing they were the property of plaintiff.

We have carefully considered the assignments of error and issues raised thereby and have concluded that these two issues should be answered in the affirmative and the case should be affirmed.

After an oral hearing, the trial court made the following findings of fact:

"1. That plaintiff entered upon said lands under color of title in 1955.

"2. That plaintiff remained in possession of said lands until December 29, 1966, at which time suit was filed in this case.

"3. That defendant entered into possession of adjacent lands on January 3, 1959, and thereafter disputed plaintiff's claim of title to the lands in question by removing boundary fences on two sides of the plaintiff's premises on three separate occasions but took no other action other than to remove said fences to interfere with plaintiff's possession.

"4. The Court further finds that the acts of defendant in dispute of plaintiff's title do not meet the measure of proof sufficient to toll the statute of limitations relative to acquiring of the property by adverse possession and that plaintiff had acquired title to the property prior to the time this suit was filed.

"5. That defendant, at the time he entered upon plaintiff's land, was bound to know the state of the title, thus wilfully and intentionally inflicting the damages complained of."

July 10, 1956[1] plaintiff purchased a lot 40 yards wide and 65 yards long situated in the NE corner of the SW ¼ of the SE ¼, Section 2, Township 4 North, R 10 East, in Conecuh County, located on the East side of U. S. 31. Defendant purchased the SE ¼ of the SE ¼ of the same section in 1959.

It appears the plaintiff's lot actually lies in the SE ¼ of the SE ¼ of Section 2 though plaintiff's deed describes the property as being in the NE corner of the SW ¼ of the SE ¼.

■ Thus, plaintiff's claim to the lot must be based on adverse possession, else he would have no claim as owner of the property and could not maintain this action for the statutory penalty. Title 47, § 272, Code of Alabama 1940, as last amended; Smith v. Collier, 210 Ala. 23, 97 So. 101.

■ Defendant's first assignment of error is to the effect the evidence is insufficient to establish the plaintiff as the owner of the lands and trees cut. We are of the opinion that there is ample credible evidence to support the judgment of the trial court.

According to the evidence plaintiff erected a fence around three sides of the lot in question in July 1956 when he went into possession. Highway 31 formed the fourth side of the property. Plaintiff testified he remained in possession of this property from July 10, 1956 until the time of the trial. He put out bird feed on the property every week as he testified he wanted a "bird sanctuary" on the property. He planted gardens on the land "until it was interferred with" by defendant. He stated defendant came on the lot during the months of October and December, 1966, and cut down numerous trees. At the time defendant cut the trees there was a fence around the lot and "no trespassing" signs posted on the fence. Plaintiff also testified that he had paid the taxes on this property from the date it was purchased down to the present time.

Witnesses for plaintiff testified that they rebuilt a fence on the lot, had seen de-

---

1. Though in the trial court's finding of fact it found plaintiff entered on his lands in 1955, no issue is made of this discrepancy.

fendant inside plaintiff's fence cutting trees and burning brush in October 1966, had never seen the defendant on this property before, but had observed plaintiff on this lot on numerous occasions.

The defendant testified that he had owned the SE ¼ of the SE ¼ for about nine years, and that during this time plaintiff had been trying to claim the lot. He stated he had started clearing the lot in 1960, and that plaintiff put a fence around the lot that year. He tore down this fence approximately a year later. He further stated plaintiff put the fence back up and he again tore it down, and while doing so plaintiff made no attempt to stop him. Defendant testified he had a "berry patch" on the property at the time of trial. He further testified that plaintiff, with the exception of erecting the fences, never did anything to the lot to indicate to him that he was in possession of the lot, thus he had at most a mere "scrambling possession."

In Butts v. Lancaster, 279 Ala. 589, 590, 188 So.2d 548, 549, we said, "that questions of adverse possession are questions of fact properly determinable by the trier of facts * * * and * * * where the evidence is taken orally, as in this case," and a determination is made, "[it] is favored with a presumption of correctness and will not be disturbed here unless plainly erroneous or manifestly unjust."

█ In order for one to establish title to land by adverse possession it must be proven that the claimant or those under whom he claims, for a period of ten years, held hostile possession under a claim of right or color of title, and that it was actual, exclusive, open, notorious, and continuous. Parrish v. Davis, 265 Ala. 522, 92 So.2d 897.

In the instant case, the trial court had the opportunity to hear and observe the witnesses, and in its judgment found that plaintiff had satisfied the above requirements. We have said, "We cannot sub-

stitute our judgment on the effect of the evidence dealing with the pivotal question of fact for that of the trial court." Hooper v. Fireman's Fund Ins. Co., 272 Ala. 145, 146, 130 So.2d 3, 4; Krieger v. Krieger, 276 Ala. 466, 163 So.2d 623.

Where the evidence is heard orally we must affirm the trial court's judgment if it is fairly supported by credible evidence under any reasonable aspect, regardless of our view of the evidence. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558. As we have stated, we think there was ample credible evidence to support the trial court's judgment.

For his second assignment of error defendant contends the trial court erred in refusing to receive in evidence the final decree rendered in the suit of James Wiley v. Oral Frazier (Circuit Court of Conecuh County, Alabama, in equity) establishing the line between the SW ¼ of the SE ¼ and the SE ¼ of the SE ¼ as running down U. S. Highway 31.

Defendant contends the decree was admissible to show the land line had been in dispute and that he made a bona fide entry upon the lot under a claim of right (the honest belief that the property was his) and consequently he is not subject to the statutory penalty for cutting timber on the lot.

█ The rule in our jurisdiction is that where timber is cut under a bona fide claim of right, i. e., the honest belief the land is one's own, the penalty provided by Title 47, § 272, is not recoverable by the true owner of the property. White v. Farris, 124 Ala. 461, 27 So. 259; Long v. Cummings, 156 Ala. 577, 47 So. 109; Stockburger Bros. v. Aderholt, 195 Ala. 56, 70 So. 157.

█ We think it was within the sound discretion of the trial court to refuse to admit the other decree for the limited purpose for which it was offered. We have held that "The determination of whether

or not particular evidence is relevant rests largely in the discretion of the trial court." Alabama Music Co. v. Nelson, 282 Ala. 517, 522, 213 So.2d 250, 255. At the time this decree was offered in evidence, the trial court pointed out that the decree specifically provided it was rendered "without prejudice to the rights of the said John Wilson" (plaintiff here). We do not believe the trial court abused its discretion in sustaining objection to the offer of the decree in evidence.

The judgment in the instant case recited defendant "wilfully and intentionally" inflicted the damages complained of. Hence, it seems clear the trial court did not believe defendant entered plaintiff's lot under a bona fide belief the property was his own. Though, the court was undoubtedly aware of its prior decree which settled a boundary dispute between defendant and a third party involving location of the same quarter section line. Having reviewed all the evidence in the record, we are not persuaded the trial court erred in its judgment.

Having found no reversible error in the record, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.