237 So.2d 100

Henry E. PETERSON et al.

v.

Mary V. HAMILTON.

I Div. 597.

Supreme Court of Alabama.

June 18, 1970.

Wilters & Brantley, Bay Minette, for appellants.

Chason, Stone & Chason, Bay Minette, for appellee.

PER CURIAM.

This is a boundary line dispute, in equity, between coterminous owners. Appellee was the complainant and appellants the respondents and cross-complainants below. On trial date, complainant amended the bill, claiming $1,000 as damages against the respondent, Henry E. Peterson, for the cutting down or destruction of forty-eight pine trees or saplings on land not his own, wilfully and knowingly, without the consent of the complainant, who claimed to be the owner of the land.

Testimony was taken in open court and thereafter the final decree fixed the dividing line in accordance with the contentions of the appellee. The decree awarded damages to complainant and against respondent, Henry E. Peterson, in the sum of $960 for wilfully cutting certain trees.

The decree also ordered respondent Peterson to remove a fence previously erected by him and to replace a fence heretofore removed or destroyed by him.

A thirty-foot right-of-way, part of the land involved, had previously been conveyed by respondent and cross-complainant, Henry E. Peterson, to Baldwin County, Alabama. The deed was declared void and of no force and effect *in so far and to the extent that said deed or easement embraces land south of the line established by the decree.*

Baldwin County was not a party to the litigation and no request or pleading sought to have this done. The deed had not been recorded and was not offered in evidence.

The appellants make seven assignments of error.

■ Of the seven assignments, the first two are too general. There is no argument of either and both are waived. Nor is there sufficient argument, if any, for us to consider Assignments of Error numbered 3, 4 and 6.

Appellants in brief, under Propositions of Law, do set out sufficient matter which can easily be determined as being directed to two Assignments of Error, namely 7 and 5. These are the only assignments argued in the brief. Nor are these assignments presented in bulk, as they are set forth in three separate paragraphs. Each paragraph follows the arrangement of the propositions of law.

■■ Appellants contend there was error in not requiring Baldwin County to be made a party to the litigation. We note that no pleading was filed by any of the parties suggesting that Baldwin County was a necessary party; hence, the nonjoinder was neither timely nor properly raised by appellants. The court proceeded to determine and decide the issues presented by pleading and proof. The final decree reserved jurisdiction of the cause "for the rendition of such other, further and different orders and decrees as shall be necessary to implement any or all of the foregoing."

Here Baldwin County can have its day in court, if it so desires, but appellants are not entitled to claim error by the court on account of possible injury to one not complaining and not a party to the suit. Taylor v. State ex rel. Adams, 275 Ala. 430, 155 So.2d 595.

Appellants attack the assessment of damages against respondent Peterson in the sum of $960 for the wilful and knowingly cutting down and destruction of trees on land not his own. The contention is made that the statutory penalty can be enforced only by one having the legal title to said lands.

The trees were admittedly cut from the strip of land lying just north of the quarter-section line of the SW ¼ of Section 33, Township 15, Range 3 East. This would be in the area of the location of the strip deeded by respondent Peterson to Baldwin County.

■ To be entitled to recovery of the statutory penalty, the plaintiff must have the legal title to the property at the time of the trespass. Austin v. Moebes, 212 Ala. 455, 102 So. 535; Wiley v. Wilson, 284 Ala. 614, 227 So.2d 128.

■ We fully recognize that when "two owners of adjacent lands agree on a division line between tracts of land, and each holds possession for the ten years, claiming to said line, the title becomes perfect without regard to the true location of the boundary line between them." Lewis v. Parsons, 263 Ala. 647, 649, 83 So.2d 220, 222.

The final decree makes no specific findings of fact. We find it difficult to determine from the testimony that there was such an arrangement existing between complainant and her husband with adjoining landowners after they bought and moved on the property in 1943.

However, it is not necessary to dispose of this contention in order to decide the question of the damage award.

■ Here we recognize the long-established rule that "where timber is cut under a bona fide claim of right, i. e., the honest belief the land is one's own, the penalty provided by Title 47, § 272, is not recoverable by the true owner of the property." White v. Farris, 124 Ala. 461, 27 So. 259; Long v. Cummings, 156 Ala. 577, 47 So. 109; Stockburger Bros. v. Aderholt, 195 Ala. 56, 70 So. 157; Wiley v. Wilson, 284 Ala. 614, 617, 227 So.2d 128.

Let us review the evidence and consider respondent Henry Peterson's activity leading up to and including the cutting of the trees.

First, he had a deed to the property, twenty acres, purchased in 1956, the land being located in the NW ¼ of the section. He and his wife moved on the property shortly after buying it (May, 1956). Next, the complainant's deed, obtained from her husband in 1943, while they were then in possession, shows clearly that all of the land conveyed was located "in the south half of Section 33." This description is even clearer in the deed from Hall, a former owner, to complainant's husband in 1943, the description concluding with: "and lying in the South half of Section 33." It is clear that the conveyances to both parties shows the half-section line to be the dividing line.

In addition to the above, Peterson, on March 13, 1968, sold and conveyed by warranty deed to respondent Johns five acres, excepting a strip thirty feet north of the section line. Again, on April 2, 1968, he sold and executed warranty deed to respondent Hastings for five acres.

About the same time, respondent Peterson made a conveyance to Baldwin County relating to a thirty-foot strip north of the section line beginning near the west line of the five acres conveyed to respondent Johns.

■ Certainly these acts indicate that he claimed to own and possess the land he was selling. His relationship over the years with his neighbor, complainant here, was not unfriendly. He discussed with her the need for a survey, maintaining that she was wrong about her contentions. Finally, he went to Mrs. Hamilton's son-in-law, who lived nearby, and a surveyor was employed. All of this indicates normal and expected conduct of the owner of real estate in asserting ownership and possession. Even the assertions of an adjoining landowner, or a letter from her counsel advising of her claim, did not require him to relinquish or yield. He openly cut some trees in the area of the disputed strip and sold them for $30. He burned some of the trees. We hold that the evidence shows

this cutting was done under a bona fide claim of right with the honest belief that the land belonged to the respondent Peterson and, therefore, the penalty assessed by the court is in error and should not be allowed to stand.

As to the parties to this appeal, we affirm the decree of the trial court except as to that part which assessed penal damages against the respondent Peterson.

The cause is remanded with instructions to modify the final decree so as to eliminate the penal award.

The foregoing opinion was prepared by J. EDGAR BOWRON, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed in part and remanded in part.

LIVINGSTON, C. J., and LAWSON, MERRILL, HARWOOD, and McCALL, JJ., concur.