## DOCTRINE OF RESPONDEAT SUPERIOR CAN NOT BE BASED ON RELATIONSHIP.

Superior Court of Cincinnati.

WILLIAM H. MEEKS, ADMINISTRATOR, v. A. J. RYAN.

Decided, November 9, 1915.

*Negligence—Owner of an Automobile Operated by His Step-son—Not Liable for Wrongful Death Caused by Careless Handling of the Machine, When—Application of the Doctrine of Respondeat Superior.*

1. The mere relation of father and son, or of step-father and step-son, is not of itself sufficient to make the son the servant of the father within the meaning of the doctrine of *respondeat superior;* and this is true even though the step-son is a member of the step-father's household.

2. Where an adult step-son, living in the household of his step-father, was negligently operating his step-father's automobile, the latter will not be liable in damages for an injury unless it appears that at the time of the mishap the step-son was engaged in carrying out some purpose of the step-father and was thus acting as his servant or agent.

*DeCamp & Sutphin* and *Gregor B. Moormann,* for the demurrer.

*Wm. F. Fox* and *Robert S. Alcorn,* contra.

OPPENHEIMER, J.

Wm. H. Meeks, as administrator of the estate of Doris Meeks, deceased, filed this action against A. J. Ryan, claiming damages for the alleged wrongful death of his decedent.

The allegations of the petition indicate that at the time when plaintiff's decedent met her death, she was being driven by Barton Rogers, defendant's step-son, in an automobile which was also occupied by others, friends of Barton Rogers, whom he had invited to ride. Defendant, the owner of the machine, was not in the car at the time of the mishap. Plaintiff alleges, however, that defendant had purchased the automobile solely for the use of himself and the members of his family, and that Barton Rogers at the time resided with defendant as one of the members of his household; that Rogers was permitted by defendant to use the machine whenever he desired, for his own pleasure and that of his friends, and that at the time of the mishap Rogers was using it in pursuit of the general purposes for which defendant had purchased the automobile.

Appended to the petition are a number of interrogatories, the purpose of which is to ascertain the truth of the allegations contained in the petition. The petition is manifestly drawn upon the theory that defendant, by reason of the ownership of the machine, and of the permission which he had given to Barton Rogers to use it, is directly liable to plaintiff. It is admitted that Barton Rogers was, at the time of the mishap, an adult. Defendant's liability can arise solely out of the doctrine of *respondeat superior.* Defendant can not be held merely because of the ownership of the instrumentality which produced the injury of which plaintiff complains. Nor does the mere fact that defendant was the head of the household in which Rogers resided make him liable. The parent is not, as such, liable for the torts of his adult child, and assuredly the step-father can not be held liable, merely because of his relationship, for the delicts of his step-son. If defendant is to be held at all, it must be shown

that at the time of the mishap Rogers was the agent or servant of defendant, and that he was driving defendant's car in that capacity.

We can find nothing in the allegations of the petition which justifies this conclusion. The use of defendant's car was at most permissive. Even though Rogers took defendant's car with his knowledge and consent in pursuance of a general authority to use it whenever he desired he was not in the pay of defendant; he was not performing any work for the defendant; he was not even carrying other members of defendant's family or household in the car. He was pursuing his own purposes solely, without any direction from or control by defendant, and there is absolutely no theory of law which in our opinion will authorize the holding of defendant. Plaintiff's counsel has argued earnestly and ably that defendant should be held because he had reason to know of Rogers' negligent habits and because, if he had not permitted Rogers to use the car the mishap would not have occurred. Public policy, they therefore assert, requires the holding of the defendant to accountability for Rogers' act. We recall the statement made several centuries ago by one of England's greatest jurists that "public policy is an unruly horse, and when you are once astride him, there is no telling where he may carry you." Liability for damages must necessarily arise out of some recognized legal principle, and not out of a mere feeling that defendant is morally responsible for a mishap. And as we have just stated, we find no principle of law recognized by the courts of this state which will support the plaintiff's contention. Even if Rogers had at any time been the servant of defendant, employed by him for the purpose of operating his car, yet if this act were done by Rogers when at liberty from defendant's service, and pursuing his own ends exclusively, defendant would be free from all legal responsibility, even though the injury complained of could not have been inflicted without the facilities afforded to Rogers by his relation to defendant. *Shearman & Redfield Neg.*, Section 147.

A review of the authorities compels the conclusion at which we have arrived. Similar to the case at bar are the cases of *Doran* v. *Thomsen*, 76 N. J. L., 754; *Maher* v. *Benedict*, 123 App. Div.

(N. Y.), 579; *Roberts* v. *Schanz,* 83 Misc. (N. Y.), 139; *Towers* v. *Errington,* 78 Misc. (N. Y.), 297; *Linville* v. *Nissen,* 162 N. C., 95; *Reynolds* v. *Buck,* 127 Ia., 601; *Parker* v. *Wilson,* 179 Ala., 361. The same theory seems to underlie the cases of *Long* v. *Nute,* 123 Mo. App., 204; *Cullen* v. *Thomas,* 150 App. Div. (N. Y.), 475; *Lotz* v. *Hanlon,* 217 Pa., 339; *Neff* v. *Brandeis,* 91 Neb., 11, which hold that in an action for damages against the owner of an automobile who was not present at the time of the mishap, the burden of proof is upon plaintiff to show that the person in charge of the machine was defendant's servant, and that he was at the time of the mishap engaged in the master's business or pleasure.

And the converse of our thesis is found in the case of *Smith* v. *Jordan,* 211 Mass., 269, in which defendant was held liable for an injury resulting from the negligent use of his car by his son. But the court states (p. 271):

"The boy was not running it (defendant's automobile) for any purposes of his own, but for the convenience of his mother and by her express direction, for whose use in common with the rest of the family it had been purchased by his father. * * * This is not a case of mere permissive use of the father's vehicle by the son for his own purposes."

The authorities cited by defendant are for the most part entirely consistent with the view we have taken. Thus in *McNeal* v. *McKain,* 33 Okla., 459, the court refuses to give its sanction to the broad rule laid down in *Daily* v. *Maxwell,* 152 Mo. App., 415, that the parent will be liable for an injury caused through the negligence of a son (in that case a minor) where the son is driving the parent's motor car solely for his own pleasure, and not having in it either members or guests of the father's family. In *Bourne* v. *Whitman,* 209 Mass., 155, it appears that the son was the regularly employed chauffeur of the father, and that the father had himself given directions as to the use of the machine at the time of the mishap.

In *Ploetz* v. *Holt,* 124 Minn., 169, it was alleged that the son who was in charge of the car at the time of the mishap was actually in the father's employ. The court held that there was

sufficient evidence to require the question of the defendant's responsibility to be submitted to the jury; but it sustained a charge of the court that "if the purpose of taking the automobile by Neil Holt (the son) was simply to serve the pleasure of himself and his brother, who, it would appear, was past majority in years, L. J. Holt (the father) would not be bound." In the case of *Stope* v. *Morris*, 147 Ky., 386, the plaintiff, a child twelve years of age, was run down by an automobile owned by defendant and operated at the time by his son who was taking a sister and some visiting ladies on a pleasure trip. The liability of defendant was predicated by the court directly upon the proposition that the son must, for the purposes of suit, have been regarded as the father's servant.

There are several cases in Missouri which seem to bear out defendant's contention. These are the cases of *Daily* v. *Maxwell, supra; Marshall* v. *Taylor*, 168 Mo. App., 240, and *Hays* v. *Hogan*, 180 Mo. App., 237. These decisions are all based upon the theory that a member of the owner's family, when driving his car with his consent, express or implied, must be considered as using the car for his purposes. In the last case, however, Judge Sturgis in a well-considered opinion, throws much doubt upon the propriety of the court's decision, and certifies the case to the Supreme Court for final determination. We have been informed by the clerk of the Supreme Court, however, that the case will not be reached for approximately two years, so that we can not hope for any speedy determination by the courts of Missouri of the question involved. And as these cases seem to be in conflict with the principles so long generally recognized by the courts of this country, we do not feel constrained to follow them.

We find no case directly in point in this state. Two cases recently decided by the Supreme Court shed some light upon the question. In the case of *Coal Co.* v. *Rivoux*, 88 O. S., 18, it appeared that an employee of defendant, while driving an automobile belonging to defendant without authority, for his own purposes, struck and killed plaintiff's decedent. The court says (p. 25):

"It was incumbent upon the plaintiff below to establish, by a preponderance of the evidence, that he (the chauffeur) was acting within the scope of his employment."

And the court further says (p. 32):

"But this court is not in accord with the authorities which hold that a *prima facie* case of negligence is made against a defendant upon the mere showing that he was the owner of the negligently operated automobile. * * * Nor do we think that proof of the additional fact that the operator was an employee of the owner raises a presumption of negligence against him unless it appears that the duties of the employee are in connection with the automobile or that he was operating the same with the authority—express or implied—of the owner."

In *Rawson* v. *Motor Works*, 20 C.C.(N.S.), 182 (affirmed without report in 90 O. S., 469), it appeared that plaintiff's decedent was killed by an automobile which was negligently operated by an employee of defendant, who had, contrary to instructions, used the automobile for his own pleasure. The court not only holds that the owner is not liable for the negligent act of an employee who is not at the time engaged in the performance of his duties as such employee, but further states that the automobile is not a dangerous agency within the meaning of 47 O. S., 387.

We are therefore of opinion that the demurrer to the petition and the interrogatories attached thereto should be sustained.