(87 South. 18)

**DOWDELL et al. v. BEASLEY.     (3 Div. 450.)**

(Supreme Court of Alabama. Nov. 11, 1920. Rehearing Denied Dec. 18, 1920.)

1. **Master and servant** ⬅302(6)—**Automobile owner not liable for chauffeur's negligence while on personal errand.**

The owner of an automobile is not liable to one injured by the negligence of his chauffeur while operating the machine without his knowledge or permission, and for a purpose other than that for which he was employed, as where the driver is on an errand personal to himself, or making a detour for his own purposes.

2. **Master and servant** ⬅302(6)—**Chauffeur not acting within course of employment while going on personal errand.**

A chauffeur, employed to drive and take care of an automobile, and sent to a garage for gasoline, with instructions to return directly to his employer's place of business, was not acting within the course of his employment in driving in a different direction after leaving the garage, to see a man who had no connection with or relation to his employer's business.

3. **Master and servant** ⬅305—**Mere violation of employer's instructions by chauffeur does not exempt employer when act is in furtherance of employer's business.**

A mere deviation by a chauffeur from his employer's instructions, as by making a detour from the direct or usual route of travel, etc., does not remove him from the course of his employment, and exempt the master from liability, if, notwithstanding the breach of duty or instruction, the act is in furtherance of his employer's business, or in effectuating the purpose of his employment.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Wilbur F. Beasley against James S. Dowdell and others for damages for personal injuries. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The complaint ascribes the injuries of the plaintiff to the negligence of the servant agent, or employee of the defendant, while acting within the line and scope of his authority. The accident occurred in a collision between a motorcycle ridden by the plaintiff and an automobile owned by the de-

fendant, but operated by one Arthur Baldwin, as chauffeur. The evidence tended to show that Baldwin was directed to go to a certain garage, get gasoline, and immediately return to the office. He went to the garage, and got the gasoline, but, instead of returning to the office, went out to West Montgomery, to see a man who he was told was looking for him, and while on his way out the accident occurred.

Rushton & Crenshaw, of Montgomery, for appellants.

From the evidence in this case the chauffeur was acting for himself and in violation of orders from his superior, and therefore the defendant was entitled to the affirmative charge. Huddy on Automobiles, 395; 192 Mich. 624, 159 N. W. 316; 210 S. W. 167; 214 N. Y. 586, 101 N. E. 853, L. R. A. 1916A, 954, Ann. Cas. 1916A, 656. The facts distinguish this case from the case of Penticost v. Massey, 201 Ala. 261, 77 South. 675. See, also, the former appeal in this case. 17 Ala. App. 100, 82 South. 40.

C. P. McIntyre, of Montgomery, for appellee.

From the evidence, it was a jury question whether the chauffeur was acting within the line and scope of his employment. 82 South. 40; 201 Ala. 261, 77 South. 675. Third parties are not bound by secret instructions. 108 Ala. 252, 19 South. 318. The acts of a general agent, within the apparent scope of his authority, are binding on his principal. 109 Ala. 498, 19 South. 705; 86 Ala. 398, 5 South. 190, 2 L. R. A. 808; 31 Cyc. 1582.

SOMERVILLE, J. On a former appeal in this case (Dowdell et al. v. Beasley, 17 Ala. App. 100, 82 South. 40) it was held that there is a prima facie presumption of fact that a chauffeur, who is employed to operate a car, and who is found operating it in the ordinary way, is acting within the course of his employment; and, further, that that presumption arose out of the evidence then before the court, and was not rebutted by the testimony offered by defendants, in the absence of a comprehensive showing that the chauffeur was not acting under the authority of any member of defendants' firm, or any authorized agent thereof, or in pursuit of some business of the firm with respect to the "unknown man" whom he was going to see.

[1] The law is thoroughly well settled that "the owner of an automobile is not liable to one who is injured by the negligence of his chauffeur while operating the machine without his knowledge or permission, and for a purpose other than that for which he was employed, as where a driver is on an errand personal to himself, or is making a detour

for his own purposes." 2 R. C. L. 1199, § 33.

[2] On the second trial the evidence needed to overcome the presumption that the chauffeur was acting within the course of his employment seems to have been supplied by defendants; and, taken as a whole, it clearly and comprehensively rebuts and excludes the implication in question. Unquestionably the chauffeur had turned aside from his duties and instructions, and gone upon a personal mission of his own in no way related to the business or service of his masters, or to the care and control of the car as its driver. And while he was proceeding to that destination, at a point quite remote from the garage to which he had been sent for gasoline, with instructions to return directly to defendants' place of business, he ran upon and injured plaintiff. In such a case the authorities all agree, in line with the settled principles of the law of respondeat superior, that the master cannot be held liable for the wrongful acts of his servant. Slater v. Advance Thresher Co., 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598; Danforth v. Fisher, 75 N. H. 111, 71 Atl. 535, 21 L. R. A. (N. S.) 93, and note; 139 Am. St. Rep. 670, and note; Lotz v. Hanlon, 217 Pa. 339, 66 Atl. 525, 10 L. R. A. (N. S.) 202, 118 Am. St. Rep. 922, 10 Ann. Cas. 731; Fleischner v. Durgin, 207 Mass. 435, 93 N. E. 801, 33 L. R. A. (N. S.) 79, and note; 20 Ann. Cas. 1291, and note; Brinkman v. Zuckerman, 192 Mich. 624, 159 N. W. 316; Crady v. Greer, 183 Ky. 675, 210 S. W. 167; Patterson v. Kates (C. C.) 152 Fed. 481; Huddy on Automobiles, 395; 28 Cyc. 39.

[3] Of course a mere deviation from the master's instructions, as by making a detour from the direct or usual route of travel (Long v. Nute, 123 Mo. App. 204, 100 S. W. 511), or by going for oil for the car to a nearby garage, instead of to the cellar of the hotel, as directed · (Bennett v. Busch [1907] 75 N. J. Law, 240, 67 Atl. 188, 189), would not remove the chauffeur from the course of his employment, and the master is not exempt from liability. But in all such cases his liability is based upon the fact that, notwithstanding the chauffeur's breach of duty or instructions, his act was in the furtherance of his master's business, or in effectuating the purposes of his employment, and hence within the general course of his employment.

There is nothing in the evidence here presented, apart from the initial presumption referred to, tending in any way to bring this act of the chauffeur within the general course of his employment, but, on the contrary, the clear and undisputed evidence is to the contrary.

The chauffeur's employment was to drive the car and take care of it. He had no authority to go on a journey to see an unknown man who had expressed a desire to see him at a designated place. In doing so he was presumptively serving himself, and not his masters, and the evidence does not permit a conjecture, much less an inference, that the unknown man had any connection with, or relation to, the business of the masters, or that, if he had, the chauffeur had any authority to deal with him in the premises.

The case of Penticost v. Massey, 201 Ala. 261, 77 South. 675, was based upon a state of the evidence and a peremptory instruction to the jury quite different from those here presented.

The case of Wheeler v. McGuire, 86 Ala. 398, 5 South. 190, 2 L. R. A. 808, and others, holding that secret limitations on the authority of a general agent are not binding upon those who deal with him upon the faith of his apparent authority, has reference to the contractual liability of the principal, and is not applicable to cases in tort.

It results from these considerations that the general affirmative charge should have been given for defendants as requested by them in writing, and the error of its refusal must cause a reversal of the judgment, and remandment of the cause for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and BROWN, JJ., concur.