(93 South. 286)

## STANDARD OIL CO. v. DOUGLASS.

### (8 Div. 863.)

(Court of Appeals of Alabama. June 30, 1922.)

1. Highways ⬅184(1)—Complaint held to state a good cause of action for damages to plaintiff's automobile, struck by defendant's truck, driven by defendant's employees.

Complaint alleging that the defendant's servants, while operating a motor truck on the highway of a county, acting in the line and scope of their authority, negligently and recklessly drove the motor truck against plaintiff's automobile, thereby damaging the automobile, held to state a good cause of action.

2. Evidence ⬅123(12)—Declarations of truck driver, immediately after collision, admissible as part of res gestæ.

In action for damages to automobile, sustained in collision with defendant's truck, dec-larations of truck driver, made immediately after the accident, at the time and place of the accident, held admissible as part of the res gestæ.

3. Master and servant ⬅302(6)—Truck driver held not acting within scope of employment.

In an action for damages to plaintiff's automobile, struck by defendant's truck, uncontradicted evidence that he was employed at a service station to supply defendant's customers with gas and oil, and was not employed to drive, and that he took the truck, without authority from his superiors, for the purpose of driving to obtain his supper, held to entitle the defendant to an affirmative charge, on the ground that the driver was not acting within the line of his employment.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Action by W. L. Douglass against the Standard Oil Company, a corporation. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. H. Carmichael, of Tuscumbia, and Tillman, Bradley & Baldwin and Lee C. Bradley, Jr., all of Birmingham, for appellant.

Demurrers to the complaint should have been sustained. 201 Ala. 553, 78 South. 907; 196 Ala. 88, 71 South. 707; 171 Ala. 231, 55 South. 153; 200 Ala. 241, 76 South. 7. The defendant was entitled to a directed verdict, as it nowhere appeared that the servant was acting in the line and scope of his employment. 196 Ala. 385, 72 South. 8; 195 Ala. 397, 70 South. 763; 7 Ala. App. 548, 61 South. 601.

Mitchell & Hughston, of Florence, and Kirk & Rather, of Tuscumbia, for appellee.

The demurrers were properly overruled. 97 Ala. 171, 11 South. 897; 119 Ala. 572, 24 South. 862; 134 Ala. 293, 32 South. 700; 92 Ala. 307, 9 South. 252, 25 Am. St. Rep. 47; 91 Ala. 384, 8 South. 798. There was ample evidence that the servant was engaged in the discharge of his duties at the time of the collision. 201 Ala. 261, 77 South. 675; 192 Ala. 352, 68 South. 280; 12 Ala. App. 324, 66 South. 914; 196 Ala. 670, 72 South. 305; 148 Ala. 429, 42 South. 632; 52 Ala. 606, 23 Am. Rep. 578; 104 Ala. 186, 16 South. 46; 150 Ala. 386, 43 South. 719; 96 U. S. 234, 24 L. Ed. 689.

BRICKEN, P. J. This appeal is from a judgment in favor of the plaintiff, W. L. Douglass, for $600, rendered in the circuit court of Colbert county. The complaint consists of one count, the substance of which is as follows:

Defendant's servants were operating on the highway of Colbert county a motor truck, and while operating such truck, and acting

then and there in the line and scope of their authority, they then and there negligently and recklessly drove said motor truck against the automobile of plaintiff, thereby damaging the same.

[1] Numerous demurrers were interposed to this complaint and were overruled by the court. In our opinion, the trial court committed no error in overruling these demurrers, as this complaint, without unnecessary detail, states a good cause of action. A. G. S. R. Co. v. Davis, 119 Ala. 572, 24 South. 862; Bear Creek Mill Co. v. Parker, 134 Ala. 293, 32 South. 700; T. C. I. & R. Co. v. Smith, 171 Ala. 251, 55 South. 170.

[2] The declarations of the driver of the truck, made immediately after the accident, and at the time and place of the accident, were admissible as a part of the res gestæ. The action of the trial court in admitting such declarations was free from error. Travelers' Insurance Co. v. Whitman, 202 Ala. 388, 80 South. 470; Alabama City, G. & A. R. Co. v. Heald et al., 178 Ala. 636, 59 South. 461.

[3] Defendant requested in writing the general affirmative charge, and insists that the court erred in refusing to give this charge. This is the main contention, and presents for consideration all the evidence introduced at the trial of this case. Appellant contends that there was no evidence whatever proving, or tending to prove, that at the time the accident occurred the driver of the motor truck was acting within the line and scope of his employment.

There was no doubt that the plaintiff's car was damaged by the act of the driver of the motor truck, and the evidence tended to show that the collision was caused by the negligence of the driver of the motor truck. It was also clear from the evidence that the driver of this truck was employed at the time of the accident by the defendant. The uncontradicted evidence is that he was not employed to drive this truck, or any other automobile belonging to this appellant. He was employed at the service station, to supply customers of defendant with gas and oil, and was not employed or authorized to drive automobiles for the appellant. The testimony shows that, without leave or authority from his superiors, he took this truck, and was in the act of driving to supper with it, when he ran into and damaged plaintiff's car.

Under no phase of the evidence does it appear that the driver of the car was acting within the line and scope of his employment when this accident occurred. The evidence, when taken as a whole, tends to rebut the presumption that defendant's servant was acting within the line of his employment at the time he ran the motor truck into plaintiff's car. The defendant was entitled to the affirmative charge, and its refusal was error. Dowdell et al. v. Beasley, 205 Ala. 130, 87 South. 18; Dowdell et al. v. Beasley, 17 Ala. App. 100, 82 South. 40; Penticost v. Massey, 201 Ala. 261, 77 South. 675.

Reversed and remanded.