(95 South. 351)

## ÆTNA EXPLOSIVES CO. v. SCHAEFFER.
(6 Div. 663.)

(Supreme Court of Alabama. Feb. 1, 1923.)

**1. Master and servant ⊗═330(1)—Wagon driver's agency presumed to be in line of employment.**

In action for injury to one on a highway by a wagon, when plaintiff proves the wagon and team belonged to defendant, and that the driver had been a driver for defendant for several years prior to the injury, a presumption of law is raised that driver was defendant's employé at time of injury and acting in line of employment, and, if the presumption is not overcome by evidence, the plaintiff is entitled to recover.

**2. Evidence ⊗═574—Opinion evidence opposed to undisputed facts raises no issue.**

Where the testimony of a witness is a mere opinion or conclusion which is contrary to and irreconcilably opposed to the clear and undisputed facts on which it was founded, such evidence raises no conflict with the stated facts.

**3. Trial ⊗═139(1)—Scintilla of evidence rule recognized.**

The scintilla of evidence rule prevails in Alabama.

**4. Master and servant ⊗═332(1)—Wagon driver's employment held for jury.**

In action for injury to a child on a highway by defendant's wagon, *held* that statements of plaintiff's witnesses, to the effect that the driver was working for defendant at the time of the injury, were not shown to be clearly their opinion, a conclusion not based on facts known to them, but their testimony raised a conflict with defendant's evidence that the driver was hauling for another party when the injury occurred, and therefore under the scintilla of evidence rule there was no error in refusing defendant's general affirmative charge.

**5. New trial ⊗═72—Verdict held contrary to weight of evidence as to wagon driver's employment at time of injury.**

In an action for injuries to a child run over by defendant's wagon, *held* that the great weight of the evidence indicated that the driver was not an employé of defendant at the time of the injury, but was an employé of a third person, and that the court erred in overruling defendant's motion for a new trial on the ground that the verdict for plaintiff was contrary to the weight of the evidence.

Miller, Sayre, and McClellan, JJ., dissenting in part.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by D. L. Schaeffer, by his next friend, against Ætna Explosives Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The evidence given by the plaintiff was to the effect that when the wagon came along he was on his knees, playing in the road;

that when the front wheels of the wagon passed him that frightened him; that he jumped up, and the protruding brake beam of the wagon struck him and knocked him down.

The evidence of the driver was to the effect that he saw the children coming to meet him; that he warned them not to get on the wagon; that the larger one swung onto the back end of the wagon, but hopped down when the witness looked back; that he drove on a little way, and the smaller child (the plaintiff) cried out; that witness looked back and saw him lying on the ground; that he did not see the plaintiff in the road ahead of him.

Smith, Wilkinson & Smith, of Birmingham, for appellant.

Counsel argue that the evidence was not sufficient to carry the case to the jury and that the defendant was due the affirmative charge, citing 164 Cal. 688, 130 Pac. 427; 185 Ala. 584, 64 South. 290; 13 Ala. App. 442, 69 South. 228; 195 Ala. 56, 70 South. 157; 136 Ala. 553, 34 South. 946; 183 Mich. 86, 150 N. W. 131; 148 Ky. 252, 146 S. W. 416; 18 Ala. App. 625, 93 South. 286; 210 Mass. 240, 96 N. E. 683, 36 L. R. A. (N. S.) 1094; 205 Ala. 609, 89 South. 70; 183 Ala. 198, 62 South. 759; 131 Ala. 419, 30 South. 774; 33 S. E. 996. The wagon having been loaned to McGee, and McKnight having been employed by him, the defendant is not liable. 17 Ala. App. 478, 86 South. 156.

Jno. W. Altman and J. K. Taylor, both of Birmingham, for appellee.

If the driver was keeping a diligent lookout and failed to see plaintiff, or if he saw him and failed to prevent or avoid the injury, he was negligent. 11 Ala. App. 595, 66 South. 824; 158 Ala. 484, 48 South. 97; 193 Ala. 614, 69 South. 137; 190 Ala. 279, 67 South. 283. Counsel argue further that the authorites cited by appellant's counsel are inapt.

MILLER, J. This is a suit by D. L. Schaeffer, a minor about four years of age, by his next friend, Henry Schaeffer, Jr., against the Ætna Explosives Company, a corporation, for damages for personal injuries sustained by him, which he claims were caused by defendant. The jury returned a verdict for the plaintiff, judgment was rendered thereon by the court, and from it the defendant appeals.

There was only one count, No. 3, submitted by the court to the jury. It avers the plaintiff, a boy under seven years of age, was in a public highway, and was run over or against by a wagon in the charge and operation of a servant or agent of defendant, named John McKnight, while he was acting with-

in the line and scope of his service or agency as such; and it charges plaintiff's injuries were caused as a proximate result of the negligence of said servant or agent, John McKnight, while acting within the line and scope of his service or agency as such in negligently operating said wagon.

The defendant pleaded not guilty, and denied each and every allegation therein contained. The general affirmative charge, with hypothesis, in writing, requested in its favor by the defendant, was refused by the court.

The vital issues presented by the pleading and evidence were two: Was John McKnight employed by or an agent or servant of the defendant on the day and at the time the plaintiff was injured, and was he at the time acting within the line and scope of his employment? Was John McKnight guilty of negligence on the occasion complained of, which caused as a proximate result the injury to the plaintiff? The plaintiff affirms and the defendant denies these alleged facts. The burden of each rests on the plaintiff. If 'the undisputed evidence and the reasonable inferences therefrom show that John McKnight was not an agent or servant or in the service' or employment of the defendant at the time the plaintiff was injured, then the affirmative charge with hypothesis, requested by the defendant, should have been given by the court, and it will not be necessary for us then to consider the other question or the many other errors assigned and insisted on by the appellant. So we will consider first that question and error assigned.

It is undisputed that the plaintiff was a child under seven years of age, playing in the public highway when injured on April 13, 1921, by being struck by the brake beam over the hind wheel of the wagon or by the hind wheel of the wagon running over him or both. The injuries were painful and serious, but not necessarily permanent. The wagon and mules belonged to the defendant; John McKnight had been an employé of the defendant, and drove a wagon for it for five or six years previous to this time, and the wagon at the time of the injury had grass sod in it, and was driven by John McKnight. Henry Schaeffer, father of plaintiff and his witness, testified that John McKnight was working for the Ætna Explosives Company on the day and at the time his son was hurt. On cross-examination he testified:

"I do not know whether that wagon was loaded or not. When I seen it, he was on his way back to the powder mill; I don't know what he did in the meantime. I do not know of my own knowledge where John McKnight was taking that stuff on the wagon; I do not know where he got that stuff; I do not know what he was going to do with it either. I do not know who paid John McKnight for that trip. I was at the mines when the boy come and brought me word that the boy was run over."

The evidence for the defense is clear, positive, and undisputed that John McKnight was not working for the defendant on April 13, 1922, when plaintiff was injured; he was hired by, working for, and paid by R. S. McGee to haul this sod and grass to the home of R. S. McGee when the injury occurred. The defendant has no interest in the property where the grass sod was being hauled; the defendant loaned the wagon and team to R. S. McGee, and McGee, and not defendant, hired, and paid McKnight to haul it and to drive the wagon. John McKnight did not work for and was not agent for nor employed by the defendant from the 7th or 8th of April to the 25th of April, 1921. The home of McGee where the sod was being hauled was in North Birmingham, and was not on premises of defendant. The plant of defendant was not in operation, but was shut down at the time of the injury; it was shut down from April 7 or 8 to April 25, 1921, and during this time John McKnight was not in its employment.

[1] When the plaintiff proves the wagon and team belonged to the defendant, and that John McKnight, who was driving it at the time of the injury, had been a driver for and in the employment of the defendant for five or six years prior to the time of the injury, then there will be a presumption of law raised from' this evidence that John McKnight was an employé or servant of the defendant at the time of the injury, and was acting in the line and scope of his employment. If this presumption of law is not overcome by some evidence to the contrary, then that issue should be determined in favor of the plaintiff. However, this presumption of law is only prima facie, and can be overcome by evidence; and, if the evidence is strong, clear, and undisputed, then the defendant would be entitled to the general affirmative charge, with hypothesis, when requested in writing. Dowdell v. Beasley, 205 Ala. 130, 87 South. 18; Massey v. Pentecost, 206 Ala. 414, 90 South. 866.

It is true Henry Schaeffer testified that John McKnight was working for the defendant on the day and at the time his son, the plaintiff, was hurt by the wagon; but the evidence shows Henry Schaeffer was at the time of the injury working in the mine, did not see it, did not know of his own knowledge whether the wagon was loaded or not, did not know where the wagon was going with the load, and what he was going to do with it; and did not know who paid John McKnight for that trip. One or two other witnesses for the plaintiff were permitted to give opinion and conclusion testimony on this subject similar to Henry Schaeffer, but the facts on which it was based did not, as in Henry Schaeffer's, sustain and support the opinion and conclusion. As this was mere

opinion or conclusion testimony, it is not based on facts known to the witnesses, and is characterized in law "testimonial nonentity."

[2] No conflict is raised on that vital issue by such evidence. This testimony of the plaintiff was not sufficient to carry the question of employment of John McKnight vel non to the jury. It was contrary to and irreconcilably opposed to the clear, undisputed facts on that issue, on which it was founded, and such evidence "raised no conflict with the stated facts." Hicks v. Burgess, 185 Ala. 584, 64 South. 290; Stockburger v. Aderholt, 195 Ala. 56, 70 South. 157.

The plaintiff's right to recover depended upon the establishment by positive proof or reasonable inferences therefrom that John McKnight was an agent, servant, or employé of the defendant, acting within the line and scope of his employment at the time of the injury of the plaintiff. The plaintiff produced evidence on this issue which created a presumption of law thereon in his favor. This presumption of law was overcome by the evidence of the defendant, which was clear, conclusive, and undisputed that John McKnight at the time of the injury was employed and paid by R. S. McGee to drive the wagon and haul the grass sod, and not by the defendant; the wagon and team were loaned by the defendant to McGee; that the boy was injured on April 13, 1921, and the plant of defendant was shut down from April 8 to April 25, 1921, and John McKnight was not in the employment of, or agent or servant of, the defendant from April 8 to April 25, 1921.

We have read the evidence carefully, and find no positive proof and no reasonable inferences therefrom in conflict with this testimony of the defendant on that vital issue, and must hold the court erred in refusing to give this written affirmative charge with hypothesis, requested by the defendant. Hicks v. Burgess, 185 Ala. 584, 64 South. 290; Stockburger v. Aderholt, 195 Ala. 56, 70 South. 157; Standard Oil Co. v. Douglass 18 Ala. App. 625, 93 South. 286.

[3-5] Justice SAYRE concurs with the writer in the foregoing opinion; but Chief Justice ANDERSON and Justices SOMERVILLE and GARDNER concur with the writer on the law as declared and in the result, but disagree with him as to the facts, and hold it should be reversed on a different ground. They, Chief Justice ANDERSON and Justices SOMERVILLE, GARDNER, and THOMAS, are of the opinion and hold that the statements of the witnesses for the plaintiff that John McKnight at the time of the injury was working for the defendant, the Ætna Explosives Company, was not shown by the defendant on cross-examination of them to be clearly their opinion, a conclusion of the witnesses not based on facts known to them; and, under the scintilla of evidence rule which prevails in this state, the court did not err in refusing the general affirmative charge with hypothesis, requested by the defendant. Penticost v. Massey, 202 Ala. 681, h. n. 2, 81 South. 637. This evidence, although slight, as it appears in the record makes a conflict in the testimony on that material issue. However, they find and hold the great weight of the evidence indicates that John McKnight was not the agent, servant, or employé of the defendant at the time of the injury, but was an employé of R. S. McGee, hired and paid by him. These justices hold the court erred in overruling the motion of the defendant for a new trial on the ground, pretermitting other grounds, that the verdict was contrary to the great weight of the evidence.

For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur in the result; the opinion shows the concurrence of each Justice.

McCLELLAN, J. (concurring specially). Upon consideration of the evidence, the writer concurs in the reversal of the judgment upon the sole ground that there is no evidence of negligence supporting the averment of count 3 of the complaint, thus rendering erroneous the refusal to defendant (appellant) of general affirmative instruction requested.

In the writer's opinion the trial court did not err in refusing the general affirmative instruction, in defendant's favor, on the theory that the evidence conclusively established that the wagon driver was *not* in the employ or service of the defendant (appellant) at the time this child was injured; nor did the court err in overruling the motion for new trial on the theory that the evidence overwhelmingly established that the wagon driver was not, on this occasion, in the employ or service of the defendant. There was evidence directed to showing that the driver had long been and was then in the employment and service of the defendant, and there was evidence to the contrary. It cannot, it seems to me, be soundly affirmed that the jury's verdict in this particular was palpably opposed to the weight of the conflicting evidence, the credibility of which it was the jury's function to determine. "Presumption" and "inference" denote distinct and highly important legal conceptions. Mathews v. A. G. S. Ry. Co., 200 Ala. 251, 253, 76 South. 17; Penticost v. Massey, 201 Ala. 261, 264, 77 South. 675, expressly limiting this court's approval of the there quoted statement from Long v. Nute, 123 Mo. App. 204, 100 S. W. 511, where the Missouri court had improperly employed the term "presumption" in the place of "inference." In the writer's judgment, a confusion of these terms and of their

distinctive conceptions and appropriate effects lead this court to erroneous conclusions in Dowdell v. Beasley, 205 Ala. 130, 87 South. 18, and in Massey v. Pentecost (last appeal) 206 Ala. 411, 416, 90 South. 866. The citation of the Pentecost v. Massey (second) appeal, as reported in 202 Ala. 681, 81 South. 637, appears to indicate the court's purpose to return to the pertinent rule always prevailing, in respect of the propriety of general affirmative instruction, until Dowdell v. Beasley, supra, and Massey v. Pentecost, supra, on last appeal, wrought departure therefrom.