Forrester L. Durbin appeals from a summary judgment in favor of defendant, B.W. Capps Son, Inc., which was made final pursuant to Rule 54(b), Ala.R.Civ.P. We affirm.
 Durbin was injured when his vehicle ran into the rear of a farm tractor pulling a mowing machine (referred to in the record by the brand name "Bush Hog") on a public highway in Russell County, Alabama. Defendant Rev. Elbrey W. Herring was operating the tractor, which was owned by defendant B.W. Capps Son, Inc. The corporate defendant's liability was predicated solely on the doctrine of respondeat superior. The corporate defendant denied that the individual defendant was its agent, servant, or employee. The corporate defendant filed a motion for summary judgment based on the pleadings; the depositions of Durbin, George W. Capps, Myrtice Etheridge, and the individual defendant; and the affidavit of Capps. Durbin filed a motion in opposition to the motion for summary judgment, which was based on the pleadings and the depositions of Capps and the individual defendant. Both parties filed excellent briefs in support of, and in opposition to, the motions. The summary judgment was granted.
 Did the trial court err in granting the corporate defendant's summary judgment? To answer this question, we must determine whether there is a scintilla of evidence that the individual defendant was an agent of the corporate defendant and, if so, whether there is a scintilla of evidence that he was acting within the line and scope of his authority at the time the accident occurred. In doing so, we must view the direct evidence and all reasonable inferences that can be drawn from the circumstantial evidence in a light most favorable to Durbin.
 The corporate defendant owned the tractor. The individual defendant was operating it at the time of the accident. This creates an "administrative presumption" of agency, but this "administrative presumption" is not in itself evidence. Rogers v. Hughes, 252 Ala. 72, 75, 39 So.2d 578, 579 (1949); Tullis v. Blue, 216 Ala. 577, 114 So. 185 (1927). In Tullis v. Blue, Justice Somerville wrote for a division of the Court: *Page 767 
 "It is well settled that those presumptions do arise from proof of the defendant's ownership of the vehicle; but it is well settled also that they are prima facie presumptions merely, or, as they are sometimes called, administrative presumptions, based upon considerations of fairness and convenience in placing the burden of proof. They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment. If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury. If, however, the evidence, without dispute, rebuts the facts thus presumed, there is no issue for the jury, and the general affirmative charge should be given for the defendant on request. Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; s. c., 207 Ala. 709, 91 So. 921; Massey v. Pentecost, 206 Ala. 411, 90 So. [866] 868; Aetna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Rooks v. Swift Co., 210 Ala. 364, 98 So. 16; Freeman v. Southern, etc., Ins. Co., 210 Ala. 459, 98 So. 461." (Emphasis supplied.)
216 Ala. at 578, 114 So. at 187.
 In Craft v. Koonce, 237 Ala. 552, 554, 187 So. 730, 731
(1939), the Court wrote:
 "When plaintiff proves such ownership of the [vehicle] by defendant, and thereby brings into being the presumption [that the driver was his agent], he need not offer further proof that the operator of the [vehicle] was the agent of defendant, and [was acting] in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority. And if defendant makes that proof and it is not contradicted, either expressly or inferentially, defendant is entitled to the affirmative charge.
But if there is any evidence which reflects upon the credibility of that evidence by defendant on that question, or from which an inference may be drawn to a different result, whether such evidence was produced by defendant or plaintiff, the question of whether the operator of the [vehicle] was defendant's agent acting in the line and scope of his authority should be submitted to the jury."
 This was quoted with approval in Cordes v. Wooten, 476 So.2d 89, 91 (Ala. 1985).
 In Craft and Cordes this Court was faced with the trial court's giving of an "affirmative charge" or its failing to give a directed verdict. In the case at issue we are involved with the granting of a summary judgment to a defendant. Our standard of review is the same. A summary judgment "functions as a gatekeeper to avert needless trials"; and it is in effect nothing more or less than an accelerated directed verdict in a pretrial context. "Subject to the provisions of Rule 56(f) and Rule 56(e) [Ala.R.Civ.P.], sentence 4, clause 1, a court may enter summary judgment for a defendant whenever the same state of proofs would justify a directed verdict for him at trial," J. Hoffman W. Schroeder, Burdens of Proof, 38 Ala.L.Rev. 31, 37 (1986); Aetna Casualty Surety Co. v. Beggs, [Ms. 86-1035, February 19, 1988] (Ala. 1988).
The corporate defendant offered direct evidence that the individual defendant was not an agent, servant, or employee of the corporate defendant and was, therefore, not acting in the "line and scope" of his authority or employment at the time of the accident. The individual defendant was the full-time pastor of Shiloh Baptist Church. Undisputed evidence indicated that he had never been an employee of, or been paid wages by, the corporate defendant. The individual defendant, at some time within a period of 18 months preceding the accident, had done contract painting for the corporate defendant. This had taken one or two days and had been completed before the date of the accident. On the date of the accident, the individual defendant had borrowed the tractor for a purpose that had not been disclosed to the corporate defendant. The individual defendant had *Page 768 
borrowed this tractor or a similar tractor on two previous occasions for the purpose of cutting grass around Shiloh Baptist Church. The only evidence before the court was that the individual defendant used the tractor to cut approximately two acres of grass around Shiloh Baptist Church in preparation for a revival. He had completed this, and, in his deposition, he testified:
 "I was going to return the tractor to the shed attached to the cotton gin. As I topped the hill, the slight rise is right there by the store, and I saw that the grass in front of Mr. [George Wesley] Capps's gate had not been cut by the county. Since I had plenty of light left to do it, I was going to make one pass in front of his gate and return to the shed where my car was."
 After the individual defendant passed the shed where he was to leave the tractor, but before he reached the county right-of-way in front of Capps's home, where he was going to cut grass, Durbin drove into the rear of the mower that was being pulled by the tractor. There was no evidence that the corporate defendant was to receive any benefit from what the record indicates was the individual defendant's spontaneous, gratuitous gesture; therefore, it is not necessary for us to decide whether any potential benefit would have provided a scintilla of evidence of agency, if it had been received by the corporate defendant.
 Durbin claims that a scintilla of evidence of agency was created by the corporate defendant's ownership of the tractor, the individual defendant's permissive use on this occasion and his prior permissive use of the tractor, the individual defendant's alleged prior employment by the corporate defendant, and possible mutual benefits. We disagree.
 The ownership of the tractor: Once agency and, therefore, line and scope of authority are rebutted, the "administrative presumption" itself no longer makes agency or line and scope of authority fact questions. Tullis v. Blue, supra.
 Permissive use: One who merely lends a vehicle is not liable to one who is injured by its negligent use in the hands of the borrower. Beville v. Taylor, 202 Ala. 305, 80 So. 370 (1918). The individual defendant had permission to use the tractor. The corporate defendant clearly rebutted the "administrative presumption" of agency. The mere fact that the operator had the owner's permission to use the tractor does not make the operator the owner's agent so as to impose liability on the owner under the doctrine of respondeat superior. There is no allegation or proof of negligent entrustment, as there was in Thompson v. Havard, 285 Ala. 718, 235 So.2d 853 (1970), and Perdue v. Mitchell, 373 So.2d 650 (Ala. 1979). We do not interpret Pitts v. Hulsey, 344 So.2d 175 (Ala.Civ.App. 1977), as standing for the proposition that evidence of permissive use alone is sufficient to warrant the submission of the agency issue to the jury. In that case the trial court had instructed the jury that the mere fact that it was established that a wife had used her husband's vehicle with the husband's consent meant that the wife was the husband's agent as a matter of law. The Court of Civil Appeals reversed and held that agency was a jury question under the facts of that case, which are materially different from the facts in the present case.
 Prior employment: The undisputed evidence is that the individual defendant had never been employed by or paid wages by the corporate defendant. We can not reasonably infer that because the individual defendant had done contract painting for the corporate defendant for a one- or two-day period that had terminated prior to the date of the accident, that he was driving a tractor as an agent of the corporate defendant and was acting in the line and scope of his authority at the time of the accident.
 Possible mutual benefit: There is no evidence that the corporate defendant received any benefit or was to receive a potential benefit as a result of the individual defendant's action in driving its tractor.
Durbin contends that the evidence at least inferentially brings "into suspicion and doubt that the tractor was being operated for the benefit" of the corporate defendant *Page 769 
at the time of the accident. From a review of all of the evidence before the trial court when summary judgment was granted, we cannot agree.
 "Evidence, however, which affords nothing more than mere speculation, conjecture, or guess is insufficient to warrant the submission of a case to the jury."
 Sprayberry v. First National Bank, 465 So.2d 1111, 1114 (Ala. 1984).
 It would require that we disbelieve the unimpeached and undisputed direct testimony of Rev. Herring and Capps to create even "suspicion and doubt." This we refuse to do.
 Although Durbin suggests in his brief that his discovery was incomplete at the time the trial court ruled on the motion for summary judgment, there is nothing in the record to indicate that Durbin filed a Rule 56(f), Ala.R.Civ.P., motion to delay action on the motion until additional discovery could be completed. From the record before us, it appears that Durbin was ready for the trial court to rule on the corporate defendant's motion for summary judgment.
 We are persuaded, considering the evidence in the light most favorable to Durbin, that there was not so much as a scintilla of evidence (either directly from the evidence or reasonably to be inferred from it) to indicate that the individual defendant was an agent of the corporate defendant acting within the line and scope of his authority at the time of the accident.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, and BEATTY, JJ., concur.