PITTMAN, Judge.
On October 11, 2000, Barbara Ann Coker sued Penfield Furniture Company, Inc. (“the company”), alleging that the company was liable under the doctrine of respon-deat superior for personal injuries Coker received in a motor-vehicle accident. Coker stated that the accident occurred when the vehicle she was driving was struck from behind by a vehicle owned by the company and operated by a company employee, Gayle Penfield Kirby.
The company filed a motion for a summary judgment on January 3, 2001, stating that there were no genuine issues of material fact and that the company was entitled *880 to a judgment as a matter of law. In the motion and supporting documents the company argued that it was entitled to a summary judgment because Kirby was not acting within the line and scope of her employment when the accident occurred. On March 7, 2001, Coker filed a response to the company’s motion. In her motion Coker argued that an employee’s use of a vehicle owned by an employer creates an administrative presumption of agency and that Kirby’s continued use of the vehicle amounted to company policy; alternatively, Coker argues that by allowing Kirby to continue using the vehicle for personal trips after the accident, the company ratified her actions.
On March 15, 2001, the trial court granted the company’s summary-judgment motion. Coker appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
In reviewing a summary judgment, this Court must apply the same standard that the trial court applied. Rule 56, Ala. R. Civ. P., establishes a two-part standard for granting a summary judgment. The trial court must determine (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). Furthermore, to defeat a properly supported motion for a summary judgment, the nonmovant must present “substantial evidence” of his claim. § 12-21-12, Ala.Code 1975. Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In determining whether substantial evidence exists to defeat a summary-judgment motion, a court must view the evidence in a light most favorable to the nonmoving party, See Goodwin v. City of Fultondale, 706 So.2d 766 (Ala.Civ.App.1997); Barnett v. Funding Plus of America, Inc., 740 So.2d 1069 (Ala.1999).
It was undisputed that the vehicle Kirby was driving at the time of the accident was leased by the company and that Kirby was an employee of the company. Alabama law is well settled:
“ ‘To recover for damages for injuries sustained in an automobile accident against the driver’s employer upon a theory of respondeat superior, it is incumbent'upon plaintiff to prove that the collision occurred while the driver was within the scope of his employment, and happened while he was in the accomplishment of objectives within the line of his duties.’ ”
Pryor v. Brown & Root USA, Inc., 674 So.2d 45, 48 (Ala.1995), quoting Perdue v. Mitchell, 373 So.2d 650, 653 (Ala.1979).
The evidence in this case indicates that Kirby’s operation of the company vehicle was not related to her obligations or duties as an employee of the company. In fact, the record is clear that the vehicle was provided to Kirby not pursuant to her employment, but as a condition of a settlement entered into in regard to her divorce from David Penfield, the company owner. Further, Kirby stated in her affidavit that when the accident occurred she was running personal errands and that the day of the accident was not a workday for her.
Coker correctly states that Kirby’s use of a company vehicle gives rise to an administrative presumption that her use of the vehicle was in the scope of her employment. See Durbin v. B.W. Capps & Son, Inc., 522 So.2d 766 (Ala.1988). However, “ ‘ “[t]he liability of a corpora *881 tion for the torts of its employees, whether agent or servant, is grounded upon the principle of ‘respondeat superior,’ not the principles of agency.” ’ ” Autrey v. Blue Cross & Blue Shield of Alabama, 481 So.2d 345, 347 (Ala.1985) (quoting National States Ins. Co. v. Jones, 393 So.2d 1361, 1367 (Ala.1980), quoting in turn, Old Southern Life Ins. Co. v. McConnell, 52 Ala.App. 589, 296 So.2d 183, 186 (1974)). Once agency or scope of employment are rebutted, the administrative presumption no longer makes agency or scope of employment a fact question. See Durbin, 522 So.2d at 768. The company demonstrated that the vehicle operated by Kirby was not leased for business use, but instead was leased to satisfy a divorce agreement.
Because the company rebutted the administrative presumption and established that Kirby’s use of the vehicle was not connected with her duties as an employee of the company, there was no genuine issue of material fact to be decided by a trier of fact. Thus, the trial court correctly granted the company’s motion for a summary judgment.
AFFIRMED.
THOMPSON and MURDOCK, JJ., concur.
YATES, P.J., and CRAWLEY, J., dissent.